MARTHA WENTWORTH, Appellant,

*against*

JOHN ALLEN, Appellee.

The collector of a proprietor's tax is not obliged, in his advertisement for sale, to annex to the name of each delinquent proprietor such sum as is assessed on his right or share, but may mention the amount of the tax on each right *generally*, and then insert a list of the delinquents.

EJECTMENT. This was an action of ejectment wherein the plaintiff demanded seisin and possession of a certain tract or parcel of land, lying in the north-east corner of *Stockbridge*, *Windsor* County, containing five hundred acres, which tract was originally granted to *Benning Wentworth*, late Governor of *New-Hampshire*, as by reference to the charter and chart of *Stockbridge*, may more fully

appear; the same land being devised to the plaintiff by the said *Benning Wentworth;* but the defendant entered and amoved, &c. *ad damnum.*

Wentworth
v.
Allen.

Plea, not guilty. Issue joined, and put to the Jury.

Plaintiff's evidence.

First. Copy of the charter of *Stockbridge,* dated *July* 21, 1761.

Secondly. Copy of *Benning Wentworth's* will, dated *November* 6, 1769, probated 1770, by which he devised all his lands to the plaintiff.

Defence.

The defendant offered in evidence a deed from the collector of a proprietor's tax, conveying to him the land demanded, and stated that there had been a legal sale of said land for the non-payment of a tax assessed by the proprietors of *Stockbridge* at a legal meeting, and moved to accompany the deed with exhibits of the proceedings of the proprietors.

*Daniel Farrand,* for the plaintiff, objected to the proceedings of the proprietors being read to the Jury; for that it appeared by the charter, that the land in question was located, or rather granted in severalty to *Benning Wentworth,* the devisor, and therefore the land not being held in common with the other proprietors, they had no right to levy a tax upon it.

SMITH, Judge. I am for excluding the proceedings of the proprietors. I conceive they had no

power to levy a tax on the lands demanded in the declaration.

Chief Judge.   I am for admitting the proceedings of the proprietors in evidence.   Those tracts of land which by the *New-Hampshire* charters are uniformly reserved or granted to Governor *Wentworth*, though they are not subject to an after division by the proprietors, have ever been considered by this Court as amenable to the assessment of proprietary taxes.

The Court being divided, the evidence was admitted.

The defendant now proceeded to shew, by the deposition of *David Russel*, keeper of a land-office, the publication of the warrant for the warning for the proprietors' meeting.   By the same deposition it appeared that the creditor had legally advertised the assessment of the tax.   He then exhibited a *Windsor* newspaper, in which was inserted the collector's advertisement of the time and place of the sale of lands of delinquents in *Stockbridge*, and proved by the same deposition that the same publication had been made in other papers, agreeably to the directions of the statute.

He then read certified copies of the proprietors' records, which shewed that the tax had been regularly assessed.

He then offered to read the collector's deed.

*Jacob Smith*, for the plaintiff, objected to this deed going to the Jury.   He read part of the third section

of the act regulating proprietors' meetings, passed *March* 9th, 1787; " And in case any part of such rate shall be unpaid thirty days after the last time of such publication, it shall be the duty of such collector to publish in the papers, and for the time before mentioned, the *names of the grantees upon whose right default of payment has been made, and the sums due thereon."*

Mr. *Smith* said that he grounded his objection to the deed upon the irregularity of the notice given to the delinquent proprietors in the advertisement exhibited. The collector's advertisement for sale should have set forth the names of the delinquent grantees or proprietors, and the sum assessed on each set against the name of each, that each one might be availed of the sum which he had to pay. That the collector in the present publication had only set forth the amount of the tax, and stated generally that it had not been paid by the proprietors hereafter mentioned, and then inserted a list of their names without annexing to the name of each delinquent the specific sum assessed upon his land.

*Sed per Curiam.* In a proprietor's tax the land is assessed by equal rights, each holding by his tenure *per meum et tuum.* The sum to be paid by each is therefore equal, and there is not that necessity of annexing to each proprietor's name the sum assessed upon his share, as there is in a state, county, town or parish tax, where the taxes are to be responded by owners of land held in severalty and in unequal quantities. It is sufficient that the collector states generally in his advertisement the amount of the sum

*Margin:* Wentworth v. Allen.

*Vermont* Stat. vol. 2. p. 317.

<div style="margin-left:2em">

*Wentworth*
*v.*
*Allen.*

</div>

assessed on each right or share, and then mentions the delinquents' names, whose 'rights or shares will be sold unless the taxes are paid.

Let the deed be read to the Jury.

The plaintiff had leave to enter a nonsuit.

*Daniel Farrand and Jacob Smith,* for plaintiff.